**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JON W. WARWICK, et al., | Case No. CV 15-3343 SS |
| Plaintiffs, | **MEMORANDUM AND ORDER:** |
| v. | **(1) DENYING PLAINTIFFS' MOTION TO REMAND (Dkt. No. 19);** |
| BANK OF NEW YORK MELLON, et al., | **(2) GRANTING IN PART BANK OF AMERICA, N.A.'S MOTION TO DISMISS (Dkt. No. 10);** |
| Defendants. | **(3) GRANTING IN PART GREEN TREE SERVICING, LLC'S MOTION TO DISMISS (Dkt. No. 7); AND** |
| | **(4) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

Plaintiffs Jon W. Warwick and Jeanette Warwick, California residents proceeding pro se, filed this quiet title action in the Ventura County Superior Court on December 17, 2013. (See Superior Court of California, County of Ventura, Case Information

1   Website, http://www.ventura.courts.ca.gov/via.html, Case No. 56-

2   2013-00445950).[1]   On February 11, 2014, Plaintiffs filed the

3   operative First Amended Complaint ("FAC").   (See Notice of

4   Removal, Dkt. No. 1, Exh. B at 12).[2]   The FAC seeks only a

5   declaration that "Plaintiffs own and hold the property free and

6   clear of any interest and adverse claims asserted herein by any

7   Defendant." (Id. at 16).   On April 25, 2014, the superior court

8   dismissed all Defendants named in the FAC except the Bank of New

9   York Mellon ("BONYM").   (See id. at 22).

10

11      BONYM filed a Motion for Judgment on the Pleadings on May

12  16, 2014, which the superior court denied in a reasoned opinion

13  on July 10, 2014.   (See Dkt. No. 21, Exh. 2).   BONYM subsequently

14  filed a Motion for Summary Judgment on October 27, 2014, which

15  the state court denied on April 13, 2015.   (See Dkt. No. 7, at 6;

16  see also Superior Court of California, County of Ventura, Case

17  Information Website, http://www.ventura.courts.ca.gov/via.html,

18  Case No. 56-2013-00445950, State Ct. Dkt. No. 113).   On April 20,

19  2015, the state court scheduled the matter for a jury trial on

20  [1] The Court takes judicial notice of the docket in Plaintiff's
    state court proceedings.   See In re Korean Air Lines Co., Ltd.,
21  642 F.3d 685, 689 n.1 (9th Cir. 2011) (a court may take judicial
    notice of a court's own records in other cases and the records of
22  other courts); see also Porter v. Ollison, 620 F.3d 952, 955 n.1
    (9th Cir. 2010) (taking judicial notice of court dockets,
23  including those available on the Internet, from petitioner's
    state court proceedings).
24

25  [2] The Court will cite to the Notice of Removal and its
    attachments, with the exception of the declaration of Brendan F.
26  Hug, as though they formed a single, consecutively paginated
    document.   Similarly, the Court will cite to the Hug declaration
27  and its exhibits as though they formed another single,
    consecutively paginated document.   Unless otherwise specified,
28  references to docket numbers refer to the instant federal matter.

2

1  May 18, 2015.  (<u>Id.</u>, State Ct. Dkt. No. 292; <u>see also</u> Dkt. No. 7

2  at 6).

3

4      On April 6, 2015, shortly before the state court denied

5  BONYM's motion for summary judgment and set the case for trial in

6  mid-May, Plaintiffs added two new parties by substituting Green

7  Tree Servicing LLC ("Green Tree") for Doe Defendant No. 1 and

8  Bank of America, N.A. ("BANA") for Doe Defendant No. 2.  (<u>See</u>

9  Superior Court of California, County of Ventura, Case Information

10  Website, http://www.ventura.courts.ca.gov/via.html, Case No. 56-

11  2013-00445950, State Ct. Dkt. Nos. 270-71 & 282-83).  Plaintiffs

12  moved the court to reopen discovery to pursue their claims

13  against BANA and Green Tree.  (<u>See</u> Dkt. No. 19 at 5).  On May 4,

14  2015, BANA removed this action to federal court on the basis of

15  diversity jurisdiction.  (<u>See</u> Dkt. No. 1).  Green Tree and BONYM

16  filed a Joinder and Consent to Removal of Action simultaneously

17  with BANA's Notice of Removal.  (<u>See</u> Dkt. No. 2).

18

19      On May 11, 2015, Green Tree filed a Motion to Dismiss,

20  ("Green Tree MTD," Dkt. No. 7), including a Request for Judicial

21  Notice.  ("Green Tree RJN," Dkt. No. 8).  Plaintiff filed an

22  Opposition to the Green Tree MTD on June 26, 2015.  ("Opp. Green

23  Tree MTD," Dkt. No. 28).  Green Tree filed a Reply on July 2,

24  2015.  ("Reply Green Tree MTD," Dkt. No. 32).

25

26      BANA also filed a Motion to Dismiss on May 11, 2015, ("BANA

27  MTD"), including a Request for Judicial Notice.  ("BANA RJN,"

28  Dkt. No. 10).  Plaintiffs filed an Opposition to the BANA MTD on

1   June 26, 2015.  ("Opp. BANA MTD," Dkt. No. 29).  BANA filed a

2   Reply on July 2, 2015.  ("Reply BANA MTD," Dkt. No. 31).

3

4        On June 3, 2015, Plaintiffs filed a Motion to Remand

5   ("Remand Motion," Dkt. No. 19), including the Joint Declaration

6   of Jon W. Warwick and Jeannette Warwick ("Warwick Decl.," Dkt.

7   No. 20), and a Request for Judicial Notice.  ("Warwick RJN," Dkt.

8   No. 21).  BANA filed an Opposition on June 16, 2014, ("Opp.

9   Remand," Dkt. No. 23), which BONYM and Green Tree joined.  ("Opp.

10  Remand Joinder," Dkt. No. 24).  Plaintiffs filed a Reply on June

11  23, 2015.  ("Reply Remand," Dkt. No. 27).

12

13       For the reasons stated below, the Court concludes that

14  diversity jurisdiction exists and on that ground DENIES

15  Plaintiffs' Motion to Remand.   The Court GRANTS IN PART the

16  Motion to Dismiss filed by BANA.  The Court GRANTS IN PART Green

17  Tree's Motion to Dismiss.  The FAC is DISMISSED, but WITH LEAVE

18  TO AMEND.

19

20                               **II.**

21                   **PLAINTIFFS' MOTION TO REMAND**

22

23       Plaintiffs argue that this Court lacks subject matter

24  jurisdiction because their case does not present a federal

25  question.  (Remand Motion at 7-8 & 18-23).  Plaintiffs further

26  contend that BANA and Green Tree cannot create diversity because

27  they are "nominal parties."   (Id. at 9-15).   Defendants

28  acknowledge that the Court does not have federal question

                                  4

1    jurisdiction, but argue that the Court does have diversity

2    jurisdiction under 28 U.S.C. § 1332.  (Opp. Remand at 2-4).

3    Defendants are correct.  Plaintiffs' Motion to Remand is DENIED.[3]

4

5    **A.    <u>Remand Standards</u>**

6

7        Removal of a case from state court to federal court is

8    governed by 28 U.S.C. § 1441, which provides in relevant part

9    that "any civil action brought in a State court of which the

10   district courts of the United States have original jurisdiction,

11   may be removed . . . to the district court of the United States

12   for the district and division embracing the place where such

13   action is pending."  28 U.S.C. § 1441(a).  Federal courts have

14   original subject matter jurisdiction where an action presents

15   either a federal question under 28 U.S.C. § 1331 or diversity of

16   citizenship under 28 U.S.C. § 1332.  Generally, a court has

17   diversity jurisdiction only when there is complete diversity of

18   citizenship among adverse parties and the amount in controversy

19   exceeds $75,000.  28 U.S.C. § 1332(a).  Remand to state court may

20   be ordered for lack of subject matter jurisdiction or any defect

21   in the removal procedure.  28 U.S.C. § 1447(c).

22   \\

23   \\

---

24   [3] Plaintiffs ask the Court to take judicial notice of certain
25   court orders, a proof of service of the summons on BANA, and
     BONYM's verified answer to the FAC in the underlying state court
26   proceedings.  (Warwick RJN, Exhs. 1-5).  As noted above, a court
     may take judicial notice of the records of other courts.  <u>In re</u>
27   <u>Korean Air Lines Co., Ltd.</u>, 642 F.3d 685, 689 n.1 (9th Cir.
     2011).  Accordingly, Plaintiffs' request for judicial notice is
28   GRANTED.

To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005); see also Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) ("'It is presumed that a cause lies outside the limited jurisdiction of the federal courts . . . .'") (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal brackets omitted)). If there is any doubt as to whether removal is proper, remand must be ordered. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). "The party seeking removal bears the burden of establishing federal jurisdiction." Id.

**B.   Discussion**

To establish diversity jurisdiction, and thus defeat Plaintiffs' Motion to Remand, Defendants must show that there is complete diversity of citizenship between Plaintiffs and Defendants, and that the amount in controversy equals or exceeds $75,000. Id. Plaintiffs are citizens of California. (See FAC ¶ 1); see also Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (for purposes of establishing diversity jurisdiction, a "natural person's state citizenship is . . . determined by her state of domicile, . . . where she resides with the intention to remain or to which she intends to return."). Therefore, diversity of citizenship will not exist if any of the Defendants is also a citizen of California.

Of the three surviving Defendants in this case, two, BANA and BONYM, are national banks. (Notice of Removal at 3; <u>see also</u> Opp. Remand at 2). "[T]he citizenship of nationally chartered banks is governed by 28 U.S.C. § 1348, which provides in pertinent part: 'All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.'" <u>Rouse v. Wachovia Mortg., FSB</u>, 747 F.3d 707, 709 (9th Cir. 2014) (quoting 28 U.S.C. § 1348). According to the Ninth Circuit, pursuant to section 1348, a national bank is therefore "only a citizen of the state designated in its articles of association as its main office." <u>Id.</u> at 711; <u>see also</u> <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."). BANA states it is a citizen of North Carolina and BONYM is a citizen of New York, and Plaintiffs do not challenge these statements. (Opp. Remand at 2). Accordingly, there is complete diversity of citizenship between Plaintiffs on the one hand, and BANA and BONYM on the other.

There is also diversity of citizenship between Green Tree, the third surviving Defendant, and Plaintiffs. Green Tree is a limited liability company ("LLC"). (Opp. Remand Joinder, Declaration of Wanda J. Lamb-Lindow ¶ 3). A corporation is a citizen of any state where it is incorporated or has its principal place of business. <u>Hertz Corp. v. Friend</u>, 130 U.S. 1181, 1884 (2010). Furthermore, an LLC is a citizen of every

7

state in which its owners or members are citizens.  See Johnson
v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir.
2006) ("We therefore join our sister circuits and hold that, like
a partnership, an LLC is a citizen of every state of which its
owners/members are citizens.").   In its joinder to the Remand
Opposition, Green Tree included the declaration of one of its
officers who testified to the identity and composition of all of
Green Tree's members (as well as their members), and their
respective states of citizenship.   (Opp. Remand Joinder,
Declaration of Wanda J. Lamb-Lindow ¶¶ 5-15).  Neither Green Tree
nor any of its members (or its members' members) is a citizen of
California.   (See id.).   Therefore, complete diversity of
citizenship exists between Plaintiffs and Green Tree as well.

     Rather than challenge Defendants' respective states of
citizenship, Plaintiffs argue that BANA and Green Tree should not
be considered in the diversity analysis because they are
"nominal" defendants.  (Remand Motion at 9-15).  It is correct
that the citizenship of "nominal defendants" may be disregarded
for purposes of determining diversity under section 1441.  As one
court explained,

          In assessing diversity, "[a] federal court must
          disregard nominal or formal parties and rest
          jurisdiction only upon the citizenship of real parties
          to the controversy."  Kuntz v. Lamar Corp., 385 F.3d
          1177, 1183 (9th Cir. 2004).  A nominal party is one
          "who has no interest in the action" and is merely

joined to "perform a ministerial act." Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000). "The paradigmatic nominal defendant is a trustee, agent, or depository who is joined merely as a means of facilitating collection." [S.E.C. v. Colello, 139 F.3d 674, 676 (9th Cir. 1998)] (internal quotations omitted); see also Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009) (trustee defendant named in the complaint solely in its capacity as a trustee and not because of any wrongdoing was a nominal defendant, where trustee filed declaration of nonmonetary status pursuant to California Civil Code section 2924l).

Perez v. Wells Fargo Bank, N.A., 929 F. Supp. 2d 988, 1002 (N.D. Cal. 2013) (recognizing nonetheless that trustees may be "more than nominal defendants" where the complaint includes, inter alia, substantive allegations against the trustee and claims for money damages); see also Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986) ("All defendants must join in a removal petition with the exception of nominal parties.").

However, the import of Plaintiffs' argument is unclear. Even if the Court were to ignore BANA's and Green Tree's respective states of citizenship, diversity would still exist because BONYM is a citizen of New York and Plaintiffs are citizens of California. Accordingly, the exclusion of BANA and

9

1   Green Tree from the Court's consideration would not change the

2   ultimate determination that complete diversity of citizenship

3   exists between Plaintiffs and Defendants.

4

5       To the extent that Plaintiffs' argument can somehow be

6   construed to imply that a "nominal defendant" is precluded from

7   initiating the removal of an action to federal court, the

8   argument also fails.  All defendants, except fraudulently named

9   and nominal defendants without an interest in the outcome, must

10  join in or otherwise approve a removal petition.  Id.  However,

11  nothing precludes a so-called nominal defendant from filing a

12  removal petition in which all other defendants join, as here.

13  See EIE Guam Corp. v. Long Term Credit Bank of Japan, Ltd., 322

14  F.3d 635, 643 (9th Cir. 2003) (citing with approval Citibank,

15  N.A. v. Nyland (CF8) Ltd., 878 F.2d 620, 624 (2d Cir. 1989), in

16  which the Second Circuit expressly rejected a defendant's

17  contention that a "nominal defendant . . . did not have the power

18  to remove the case to federal court . . . .").

19

20      Having established that complete diversity of citizenship

21  exists, Defendants need only show that the amount in controversy

22  exceeds $75,000.   In a quiet title action, the amount in

23  controversy is calculated by the value of the property at issue.

24  Chapman v. Deutsche Bank Nat. Trust Co., 651 F.3d 1039, 1045 n.2

25  (9th Cir. 2011); see also Cohn v. Petsmart, Inc., 281 F.3d 837,

26  840 (9th Cir. 2002) (per curiam) ("'In actions seeking

27  declaratory or injunctive relief, it is well established that the

28  amount in controversy is measured by the value of the object of

10

1   the litigation.'") (quoting Hunt v. Wash. State Apple Adver.

2   Comm'n, 432 U.S. 333, 347 (1977)).  Defendants have submitted a

3   declaration suggesting that the value of the real property at

4   issue was well over $300,000 in 2005.   (Notice of Removal,

5   Declaration of Brendan F. Hug ¶ 7).   Nowhere in their Motion to

6   Remand or Reply do Plaintiffs dispute that the current value of

7   the property at issue exceeds $75,000.   The Court concludes that

8   the amount in controversy requirement is also met and that

9   diversity jurisdiction exists.   Accordingly, Plaintiffs' Motion

10  to Remand is DENIED.

11

12                              **III.**

13              **DEFENDANTS' MOTIONS TO DISMISS**

14

15      BANA argues in its Motion to Dismiss that Plaintiffs' claims

16  against it should be dismissed because the FAC contains

17  "absolutely no allegations of any kind regarding" BANA "or its

18  purported adverse claim to Plaintiffs' title."  (BANA MTD at 1 &

19  4).   BANA further states that it simply "serviced [Plaintiffs']

20  loan on behalf of the investor for a period of time" but released

21  its servicing rights to Green Tree over a year ago and "no longer

22  maintains any interest in the subject property, either title-

23  related or otherwise."  (Id. at 1).[4]  Additionally, BANA contends

24  _____

    [4] The following overview of California real estate law provides a
25  context for Defendants' arguments in their respective Motions to
    Dismiss.

26
    "The financing or refinancing of real property in California is
27  generally accomplished by the use of a deed of trust." Jenkins
    v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 507 (2013).
28  "A deed of trust . . . conveys title to real property from the

                              11

that the FAC fails to state a claim because Plaintiffs have not pled tender of the amount allegedly owing on the property. (Id. at 5-7).

Green Tree also argues in its Motion to Dismiss that Plaintiffs' claims should be dismissed because the claims against the Doe Defendants are uncertain and because Plaintiffs failed to allege that they have paid off the debt allegedly owed on the property. (Green Tree MTD at 4 & 6). Green Tree further argues that Plaintiffs lack standing to challenge the enforceability of a deed of trust due to defects in transfers and assignments of a borrower's debt because "California law does not recognize such a cause of action." (Id. at 4).

---

trustor-debtor to a third party trustee to secure the payment of a debt owed to the beneficiary-creditor under a promissory note." Id. at 508. "[T]here is little practical difference between mortgages and deeds of trust; they perform the same basic function . . . [A] deed of trust is practically and substantially only a mortgage with power of sale" should the trustor-debtor fail to pay back the debt owed under the promissory note. Id. at 508 n.2 (internal quotation marks and citation omitted).

Under the deed of trust model, the debt owner, as the trust's beneficiary, not the "trustee," retains the power to foreclose. See Rossberg v. Bank of America, N.A., 219 Cal. App. 4th 1481, 1492 (2013) ("When a trustor-debtor defaults 'on a debt secured by a deed of trust, the beneficiary-creditor may elect to judicially or nonjudicially foreclose on the real property security.'") (quoting Jenkins, 216 Cal. App. 4th at 508). "The trustee of a deed of trust is not a true trustee, and owes no fiduciary obligations; he merely acts as a common agent" for the debt owner-beneficiary of the deed of trust. Vournas v. Fidelity Nat. Title Ins. Co., 73 Cal. App. 4th 668, 677 (1999); see also Jenkins, 216 Cal. App. 4th at 508 ("[A]lthough the deed of trust technically conveys title to the real property from the trustor-debtor to the trustee, the extent of the trustee's interest in the property is limited to what is necessary to enforce the operative provisions of the deed of trust.").

As further explained below, the Court agrees that the FAC's vague allegations fail to put BANA and Green Tree on fair notice of Plaintiffs' claims against them.  Accordingly, BANA's and Green Tree's respective Motions to Dismiss are GRANTED IN PART and the FAC is DISMISSED, WITH LEAVE TO AMEND.  The Court does not agree, however, that Plaintiffs are required to allege tender of an amount owing on a loan that, based on the allegations of the FAC, they do not claim exists.  Similarly, whether California permits a borrower to raise a claim based on the improper transfer of a home loan is not ripe for decision because nowhere in the FAC do Plaintiffs allege that a loan ever existed or that such a loan was improperly transferred.[5]  Accordingly, to the extent that the Parties' Motions are based on these theories, the Motions are also DENIED IN PART.

**A.   <u>Allegations Of The First Amended Complaint</u>**

Plaintiffs seek to quiet title to the property located at 1630 Holly Avenue, Oxnard, California 93036.  (FAC ¶ 9).  Plaintiffs allege that they "hold free and clear title to the Property" and seek a declaration to that effect over "any and all claims that might be asserted by any Defendant in this case."  (<u>Id.</u> ¶ 16).  With respect to the individually named Defendants, the FAC alleges that "Defendant BONYM has insinuated without provision of corroborative evidence that it has some interest in

---

[5] Green Tree concedes in its MTD that Plaintiffs did not "specifically allege[]" this theory of liability in their "'bare bones' FAC."  (Green Tree MTD at 10).

the title of the Property that is adverse to Plaintiff's [sic]." (Id. ¶ 11).  As to Green Tree and BANA, substituted in the place of Doe Defendants Nos. 1 and 2, respectively, the FAC alleges that "Defendants herein named as all persons unknown ('DOES 1-100') assert interest in the title of the Property that is adverse to the Plaintiff's [sic]."  (Id. ¶ 14).  Plaintiffs further allege:

> Plaintiffs are informed and believe, and thereon allege, that each of the Defendants designate[d] herein, known and/or unknown[,] claim some right, title, estate, lien, or interest in the hereinafter described property adverse to the Plaintiffs['] title and their claims, and each of them constitute a cloud on Plaintiffs['] title to that property.

(Id. ¶ 15).  Accordingly, Plaintiffs state that "[a] judicial determination of the rights and responsibilities of the parties over, to and about the Property is necessary and appropriate to remove uncertainties that cloud the usefulness and enjoyment of the Property."  (Id. ¶ 19).

B.    **Motion To Dismiss Standards**

"[F]ederal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law."  Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996).  Accordingly, California law applies to Plaintiffs' substantive

state law claims and federal law governs the procedural aspects of Defendants' motions to dismiss.

A Rule 12(b)(6) motion to dismiss for failure to state a claim should be granted if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[,]" Twombly, 550 U.S. at 555, "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and internal quotation marks omitted).

"When ruling on a motion to dismiss, [the Court] may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Colony Cove Props., LLC v. City of Carson, 640 F.3d 948, 955 (9th Cir. 2011) (citations, footnote, and internal quotation marks omitted). The court must accept the complaint's allegations as true, Twombly, 550 U.S. at 555-56, construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Berg v.

1  <u>Popham</u>, 412 F.3d 1122, 1125 (9th Cir. 2005).  <u>Pro se</u> pleadings

2  are "to be liberally construed" and are held to a less stringent

3  standard than those drafted by a lawyer.  <u>Erickson</u>, 551 U.S. at

4  94; <u>see</u> <u>also</u> <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010)

5  ("<u>Iqbal</u> incorporated the <u>Twombly</u> pleading standard and <u>Twombly</u>

6  did not alter courts' treatment of pro se filings; accordingly,

7  we continue to construe pro se filings liberally when evaluating

8  them under <u>Iqbal</u>.").  However, the court "need not accept as true

9  allegations contradicting documents that are referenced in the

10  complaint or that are properly subject to judicial notice."  <u>Lazy</u>

11  <u>Y Ranch Ltd. v. Behrens</u>, 546 F.3d 580, 588 (9th Cir. 2006).

12  Likewise, "the tenet that a court must accept as true all of the

13  allegations contained in a complaint is inapplicable to legal

14  conclusions."  <u>Iqbal</u>, 556 U.S. at 678.

15

16      Dismissal for failure to state a claim can be warranted on

17  either a lack of a cognizable legal theory or the absence of

18  factual support for a cognizable legal theory.  <u>See</u> <u>Mendiondo v.</u>

19  <u>Centinela Hosp. Med. Ctr.</u>, 521 F.3d 1097, 1104 (9th Cir. 2008).

20  A complaint may also be dismissed for failure to state a claim if

21  it discloses some fact or complete defense that will necessarily

22  defeat the claim.    <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228-29

23  (9th Cir. 1984).

24

25      If the court finds that a complaint fails to state a claim,

26  it must also decide whether to grant the plaintiff leave to

27  amend.  Even when a request to amend is not made, "[l]eave to

28  amend should be granted unless the pleading could not possibly be

16

1  cured by the allegation of other facts, and should be granted

2  more liberally to pro se plaintiffs." <u>Lira v. Herrera</u>, 427 F.3d

3  1164, 1176 (9th Cir. 2005) (internal quotation marks omitted).

4  However, if amendment of the pleading would be futile, leave to

5  amend is properly denied. <u>See</u> <u>Ventress v. Japan Airlines</u>, 603

6  F.3d 676, 680 (9th Cir. 2010).

8  **C.   <u>Defendants' Requests For Judicial Notice</u>**

10       The FAC affirmatively repudiates that there is any

11  legitimate encumbrance on the property and does not make any

12  reference to money owed.  However, both BANA and Green Tree ask

13  the Court to take judicial notice of a Deed of Trust recorded on

14  October 28, 2005, (BANA RJN Exh. A; Green Tree RJN Exh. 1); an

15  Assignment of Deed of Trust recorded on May 16, 2011, (BANA RJN

16  Exh. B; Green Tree RJN Exh. 4); and a Notice of Trustee's Sale

17  recorded on November 26, 2013, all of which were recorded in the

18  Ventura County Recorder's Office.  (BANA RJN Exh. C; Green Tree

19  RJN Exh. 6).  In addition, Green Tree seeks judicial notice of

20  various Substitution of Trustee forms, a Notice of Default, and a

21  Notice of Pendency of Action that were recorded in the Ventura

22  County Recorder's Office, and a Limited Power of Attorney form

23  that was recorded in the Maricopa County Recorder's Office.

24  (<u>Id.</u>, Exhs. 2-3, 5, 7-9).

26       Judicial notice is appropriate for "materials incorporated

27  into the complaint or matters of public record." <u>Coto Settlement</u>

28  <u>v. Eisenberg</u>, 593 F.3d 1031, 1038 (9th Cir. 2010); <u>see also</u> Fed.

R. Evid. 201.  Because the fact that these public documents were recorded is not subject to reasonable dispute, BANA's and Green Tree's respective RJNs are GRANTED to the extent that they seek notice of the existence and recording of the aforementioned documents.  "The Court does not, however, accept them for the truth of the matters asserted therein."  Waldrup v. Countrywide Financial Corp., 2014 WL 4978437, at *1 n.1 (C.D. Cal. Oct. 6, 2014); see also Edwards v. Wells Fargo Bank, N.A., 2013 WL 3467215, at *2 n.4 (C.D. Cal. July 9, 2013) (taking judicial notice of Grant Deed and Deed of Trust as public records filed with the County Recorder, but declining to "take judicial notice of reasonably disputed facts contained within the judicially-noticed documents"); Salcido v. Aurora Loan Services, 2012 WL 123280, at *2 (C.D. Cal. Jan. 17, 2012) ("Defendants have submitted a request for judicial notice of various public records (e.g., Deed of Trust, Notice of Default, and Trustee's Deed Upon Sale) related to Plaintiff's mortgage.  The Court may take judicial notice of such documents without converting this motion to dismiss into a motion for summary judgment, but it cannot take judicial notice of facts within such documents that are reasonably subject to dispute.").

Defendants are advised that in any future motion, to the extent they seek to establish that they are entitled to judgment as a matter of law and wish to rely on matters outside the pleadings, Defendants must comply with the requirements set forth in Federal Rule of Civil Procedure 56 and this Court's Local Rules for a Motion for Summary Judgment.

1     **D.**    <u>**Discussion**</u>

2

3        The FAC, as amended by the substitution of BANA and Green

4 Tree for Doe Defendants Nos. 1 and 2, merely alleges that BANA

5 and Green Tree have asserted an "adverse interest" in the

6 property, without clarifying what relationship those two

7 Defendants have or had to the property or what kind of "adverse

8 interest" they are allegedly attempting to assert. More is

9 required to put these Defendants on notice of Plaintiffs' claims

10 against them. (<u>Id.</u> at 15). Furthermore, to the extent that

11 Plaintiffs may contend in any amended complaint that BANA and

12 Green Tree are merely former or current trustees that serviced a

13 Deed of Trust on behalf of a creditor beneficiary, Plaintiffs are

14 cautioned that a plaintiff generally "cannot bring a quiet title

15 claim against [a trustee] because [the trustee] does not claim

16 any interest in the Property." <u>Vasquez v. Bank of America, N.A.</u>,

17 2015 WL 794545, at *3 (C.D. Cal. Feb. 23, 2015). However, while

18 the allegations in the FAC are not presently sufficient to state

19 a claim against BANA and Green Tree, Defendants have not shown

20 that Plaintiffs could not amend their claims to state a claim

21 against them by alleging, for example, that Defendants somehow

22 acted beyond the scope of their duties as trustees to Plaintiffs'

23 harm. <u>See</u> <u>Perez</u>, 929 F. Supp. 2d at 1002 (trustees may be "more

24 than nominal defendants" where the complaint includes, inter

25 alia, substantive allegations against the trustee and claims for

26 money damages). Accordingly, the Court GRANTS BANA's and Green

27 Tree's Motions to Dismiss IN PART, and DISMISSES the FAC WITH

28 LEAVE TO AMEND.

1    The Court disagrees with BANA and Green Tree, however, to

2    the extent that they contend that the FAC fails to state a claim

3    because Plaintiffs have not alleged that Plaintiffs tendered the

4    amount owing on a loan secured by the property at issue.  Under

5    California law, "a mortgagor of real property cannot, without

6    paying his debt, quiet his title against the mortgagee."  Miller

7    v. Provost, 26 Cal. App. 4th 1703, 1707 (1994).  However,

8    Plaintiffs allege that they "hold free and clear title to the

9    Property."  (FAC ¶16).  Based solely on the allegations in the

10   FAC, there is no loan at issue, and even if there had been,

11   Plaintiffs' contention that they hold "free and clear title" at

12   the very least implies the satisfaction of any debt on the

13   property.  As the superior court held in rejecting the identical

14   tender argument raised by BONYM in BONYM's motion for judgment on

15   the pleadings, "[T]here is nothing on the face of the [FAC] that

16   allows the court to determine that a mortgage is in play in this

17   case, a default has occurred by Plaintiffs or that any money is

18   owed at all on the property.  The facts Defendant needs to make

19   the tender rule come into play are simply not before the court at

20   this time."  (Warwick RJN, Exh. 2 at 4).  Defendants' tender

21   argument depends on the existence and non-payment of a loan, as

22   reflected in the contents of the recorded documents submitted for

23   judicial notice by BANA and RJN.  However, those facts are

24   contested and are therefore not properly subject to judicial

25   notice on a motion to dismiss.  Accordingly, the Motions to

26   Dismiss filed by BANA and Green Tree are DENIED IN PART to the

27   extent that they are based on Plaintiffs' failure to plead tender

28   of a debt.

1    Similarly, Green Tree's contention that Plaintiffs fail to
2    state a claim because California allegedly does not authorize
3    borrowers to challenge the validity of subsequent transfers of
4    their loans also depends on facts (and indeed, legal theories)
5    not pled in the FAC.  As such, it, too, is not a proper ground to
6    grant a motion to dismiss.  Because this argument would require
7    consideration of disputed facts not pled in the FAC, Green Tree's
8    Motion to Dismiss is DENIED IN PART on this ground as well.

9

10                               **IV.**

11                            **CONCLUSION**

12

13    Because diversity jurisdiction exists, Plaintiffs' Motion to
14    Remand is DENIED.  BANA's Motion to Dismiss and Green Tree's
15    Motion to Dismiss are each GRANTED IN PART and DENIED IN PART.
16    The Court concludes that the FAC, as amended by the substitution
17    of BANA and Green Tree for Doe Defendants Nos. 1 and 2, fails to
18    put these two Defendants on notice of the claims against them.
19    Accordingly, the FAC is DISMISSED WITH LEAVE TO AMEND.  If
20    Plaintiffs wish to pursue their claims, they shall file a Second
21    Amended Complaint within fourteen days after the date of the
22    settlement conference ordered by the Court as discussed at the
23    hearing.

24

25    Plaintiffs are advised that pursuant to Federal Rule of
26    Civil Procedure 8(a), all that is required is a "short and plain
27    statement of the claim showing that the pleader is entitled to
28    relief."  Plaintiffs are strongly encouraged to keep their

1   statements concise and to omit irrelevant details.  It is not

2   necessary for Plaintiffs to cite case law or include legal

3   argument.  Plaintiffs are also advised to omit any claims or

4   Defendants for which they lack a sufficient factual basis to

5   state a claim.

6

7       Plaintiffs are cautioned that they should only name

8   defendants in any amended complaint for which a plausible claim

9   for relief can be stated.  In the event Plaintiffs include claims

10  or defendants that have previously been dismissed as defective,

11  the Court cautions Plaintiffs that future orders may dismiss

12  claims or defendants without leave to amend.  Moreover, if

13  judgment is entered against Plaintiffs, they may be held

14  responsible for Defendants' costs.  Thus, the Court cautions

15  Plaintiffs to avoid filing an amended complaint that repeats any

16  defective claims or wrongly includes improper defendants.

17

18  DATED:  July 17, 2015

19                                      _____/S/_____
                                        SUZANNE H. SEGAL
20                                      UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28